# EXHIBIT A



# Required Admission Information

Dear Parent/Sponsor,

Thank you again for your interest in Trails Momentum. We would like to ensure a seamless transition for your son/daughter and require the following information before enrollment at Trails Momentum. Please understand that if we do not receive the following documents that the student will not be able to enroll at Trails Momentum until the documents are received. All admissions should be scheduled between the hours of 9:00 am and 2:00 pm Monday - Friday. Any other times must be approved by the Admissions Staff you are working with in advance of scheduling the admission or purchasing plane tickets.

**Admissions Checklist for Parents:**

- **Application for Admission** to be completed on the website
- **Completed Enrollment Documents** (the documents included in this packet)
- **Copy of both sides of Insurance Card**
- **Immunization Record**
- **We will need to have a 30-day supply of any medication that the student is currently taking. If we do not have a 30-day supply, then we will need to have a hard copy written prescription for a full 30-day supply of each medication they are taking.** Medications or an actual prescription for a 30-day supply are needed before admission; please understand that the student will not be able to enroll at Trails Momentum until the medications are either on campus or called in to the pharmacy. According to North Carolina law we are required to have a copy of each prescription medication that the student is prescribed for their file. This can be a copy of the actual prescription or an order from the doctor stating what medications they are prescribed and the amount they are prescribed. (A receipt or print out from the pharmacy is not acceptable).
- **Valid Picture ID** (Driver's License/Passport)

**Packing List:**
- 8 pairs of underwear / 4 sports bras
- 1 pair of athletic/running shoes
- 1 Photo ID (permit, license, student ID, or passport)
- 30-Day Supply of Medications + Prescriptions
- Optional - Waterproof Watch (basic analog or digital - no smart watches or Fitbits)

We will supply all other clothing and outdoor gear, as well as hygiene items such as toothbrush and toothpaste. No other items are necessary. When students arrive with extra items, we store them in a secure location until their departure (with the exception of valuables - see below).

**Valuables**: We prefer that valuable items stay at home or go home with parents after admission. Valuables include electronic devices (cell phones, laptops, tablets, etc.), cash, credit/debit cards, and expensive jewelry. If a student enters the program with valuables, we will mail them to the parent/sponsor address on file.

**Please email all information to enrollment@trailsmomentum.com.** Thank you for your assistance with this process. If we can answer any questions or concerns that you may have, please contact the Program Director Todd Ransdell at 828-507-0662 or email at transdell@trailsmomentum.com.

Sincerely,
*Trails Momentum*
*Admissions Team*

©Trails Momentum; 2020
www.trailsmomentum.com



# Trails Momentum Enrollment Agreement

*(Including Assumption of Risks, Release and Indemnity)*

This Enrollment Agreement ("Agreement") is entered into by and between Trails Academy, LLC, a North Carolina limited liability company (hereinafter "Trails") and ▮▮▮▮▮▮▮▮▮▮ parent(s)/guardian(s) (collectively the "Sponsor/Parent/Guardian") of ▮▮▮▮▮▮▮▮▮▮ (the "Client"). Trails and the Sponsor/Parent/Guardian are sometimes referred to individually as a "Party" and collectively as the "Parties".

*In consideration of the mutual promises set forth in this Agreement, the Parties mutually agree as follows:*

1. **SPONSOR/PARENT/GUARDIAN'S REPRESENTATIONS.** Sponsor/Parent/Guardian acknowledges and agrees that Sponsor/Parent/Guardian is the legal parent(s) and/or guardian(s) of Client, and that Sponsor/Parent/Guardian desires to and does hereby contract with Trails for the purpose of securing Client's placement in the Trails Momentum Therapy Program (the "Program") according to the terms and conditions of this Agreement. In entering into and performing under this Agreement, Trails is relying on all representations and promises of the Sponsor/Parent/Guardian contained or expressed in this Agreement and other documents and information provided by Sponsor/Parent/Guardian to Trails Momentum, and Sponsor/Parent/Guardian expressly warrants the truth and accuracy of all such documents and information.

2. **ELIGIBILITY AND ENROLLMENT OF THE CLIENT.** Sponsor/Parent/Guardian/Client must submit to Trails the following: a completed and executed copy of this Agreement and the Payment Agreement; completed and executed copies of all required consents, authorizations and information requests; and the initial payment required by the Payment Agreement (the "Required Submissions"). Upon Trails' receipt of the Required Submissions, Trails will evaluate the Required Submissions. Upon Trails' execution of this Agreement and Client's physical arrival at Trails, Trails shall conditionally accept the Client for enrollment in the Program subject to the terms and conditions of this Agreement. Sponsor/Parent/Guardian/Client acknowledges and agrees that Trails' conditional acceptance of the Client is subject to the personal evaluation and screening process conducted by Trails prior to completion of the Assessment phase of the Program. If the Client satisfies Trails' screening criteria, Trails shall enroll the Client and, except as otherwise provided herein, permit the Client to participate in the Program. If the Client fails to satisfy any of Trails' screening criteria at the sole discretion of Trails, the Client will not be enrolled in the Program and will be discharged. Trails Momentum retains the right to discharge the Client at any time for medical or clinical reasons, or as otherwise allowed under this Agreement.

3. **TRAVEL.** Sponsor/Parent/Guardian/Client agrees to make all arrangements necessary for Client to travel to and from Trails and is responsible for all costs associated with such transportation.

4. **SUBCONTRACTING.** Sponsor/Parent/Guardian/Client agrees and consents to Trails subcontracting certain services to be rendered under this Agreement to persons or entities deemed by Trails to be properly qualified to provide said services, at no additional cost to Sponsor/Parent/Guardian/Client unless otherwise agreed to by both Parties. Trails is not responsible for the services provided by such third-party contractors and is hereby released from any liability arising from such services. All clinicians furnishing services to the Client, including any psychiatrists, psychologists, mental health professionals, or internists or the like, are independent contractors with the client and are not employees of Trails. The Client is under the care and supervision of his/her attending clinician and it is the responsibility of the Client's clinician to obtain the Sponsor/Parent/Guardian/Client's informed consent, when required, for medical, surgical, or psychiatric treatment, special diagnostic or therapeutic procedures, or other services rendered the Client under the general and special instructions of the clinician. This section shall survive the termination of this Agreement.

5. **NURSING CARE.** Trails provides only general nursing care unless, upon orders of the Client's physician, the Client is provided more intensive nursing care. If the Client's condition is such as to need the service of a special duty nurse, it is agreed that such must be arranged by the Sponsor/Parent/Guardian/Client. Trails shall in no way be responsible for failure to provide the same and is hereby released from any and all liability arising from the fact that Client is not provided with such additional care. This section shall survive the termination of this Agreement.

6. **ASSUMPTION OF RISKS: RELEASES AND INDEMNITIES.** Sponsor/Parent/Guardian/Client acknowledges serious hazards and dangers, known and unknown, inherent in the Program, including but not limited to ranch, agricultural and vocational activities, emotional and physical injuries, illness or death that may arise from strenuous hiking, climbing and camping in a natural environment, exposure to the elements, plants and animals, running away from the Program, "acts of God"(nature), the ropes course, kayaking, water sports, mountain biking, stress, involvement with other clients, self-inflicted injuries, and transportation to and from the Program's field location(s). Sponsor/Parent/Guardian understands

that in participating in the Program, Client will be in locations and using facilities where many hazards exist and is aware of and appreciates the risks which may result. Sponsor/Parent/Guardian/Client understands that accidents occur during such activities due to the negligence of others which may result in death or serious injury. Sponsor/Parent/Guardian and Client are voluntarily participating in the Program with knowledge of the dangers involved and agree to accept any and all risks.  In consideration for being permitted to participate in the Program, Sponsor/Parent/Guardian/Client agrees to not sue, to assume all risks, and to release, hold harmless and indemnify Trails and any and all of its predecessors, successors, officers, directors, trustees, insurers, employees, managers, agents, volunteers, community organizations, administrators, heirs, attorneys, executors, assigns and/or related or affiliated business entities, (collectively all of the above persons and entities shall be referred to as the "Released Parties" hereafter) who, through negligence, carelessness or any other cause, might otherwise be liable to Sponsor/Parent/Guardian or Client under theories of contract or tort law.

Sponsor/Parent/Guardian/Client intends by this Waiver and Release to release, in advance, and to waive his or her rights and discharge each and every one of the Released Parties, from any and all claims for damages for death, personal injury, or property damage which Sponsor/Parent/Guardian/Client may have, or which may hereafter accrue as a result of Client's participation in any aspect of the Program, even though that liability may arise from negligence or carelessness on the part of the persons or entities being released, from dangerous or defective property or equipment owned, maintained or controlled by them or because of their possible liability without fault. Additionally, Sponsor/Parent/Guardian/Client covenants not to sue any of the Released Parties based upon their breach of any duty owed to Sponsor/Parent/ Guardian or Client as a result of their participation in any aspect of the Program.  Sponsor/Parent/Guardian/Client understands and agrees that this Waiver and Release is binding on his or her heirs, assigns and legal representatives and that the Released Parties shall be exempt from liability to Sponsor/Parent/Guardian/Client, his or her heirs, assigns and legal representatives. Sponsor/Parent/Guardian/Client represents that Client is physically capable of participating in the Program, and his or her medical care provider has approved his or her participation.  If Sponsor/Parent/Guardian/Client is aware that Client is under treatment for any physical infirmity, ailment or illness, Sponsor/Parent/Guardian/Client represents that Client's medical care provider knows of and has approved Client's participation in the Program. Sponsor/Parent/Guardian/Client acknowledges that Sponsor/Parent/Guardian/Client, and Sponsor/Parent/Guardian/Client alone, is solely responsible for Client's personal health and safety, and the personal property Client brings with him or her. Sponsor/Parent/Guardian/Client acknowledges that the medical insurance information Sponsor/Parent/Guardian/Client has provided on the Medical Form is current and complete and that Sponsor/Parent/Guardian/Client is solely responsible for procuring and maintaining all medical insurance Sponsor/Parent/Guardian/Client deems necessary and that the Released Parties have recommended that Sponsor/Parent/Guardian/Client procures and/or maintains medical insurance. Sponsor/Parent/Guardian/Client accepts full responsibility for any costs incurred for medical treatment due to failure to procure or maintain insurance or providing outdated or falsified insurance information.  Sponsor/Parent/Guardian/Client understands that it is ultimately Sponsor/Parent/Guardian/Client's responsibility to provide payment to any hospital/emergency response technicians/emergency transport company that may provide services to Client as a result of injury/illness during the Program.

WARNING, Under North Carolina law, an equine activity sponsor or equine professional is not liable for an injury to or the death of a participant in equine activities resulting exclusively from the inherent risks of equine activities. Chapter 99E of the North Carolina General Statutes.

Sponsor/Parent/Guardian/Client agrees to indemnify the Released Parties from any and all actions, causes of action, claims, demands, damages, costs (including attorneys' fees), expenses, liabilities and charges, known or unknown (the "Liabilities") arising out of or in connection with claims and/or actions relating to or brought by or on behalf of Client, including, without limitation, claims related to or arising out of the Client's participation in the Program.

Sponsor/Parent/Guardian/Client acknowledges and agrees that Trails is not liable for any loss of or damage to any of the Client's property. The Client is fully responsible for the same at all times. This section shall survive the termination of this Agreement.

7. **CLIENT ELOPEMENT.** In the event the Client runs away from the Program, Trails will make every reasonable effort to find the Client and convince the Client to return to the Program or to the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian/Client hereby releases, holds harmless and indemnifies Trails from any and all claims, damages, and liabilities arising out of or resulting from Client running away while in Trails custody and/or participating in the Program, including, but not limited to, claims of personal injury or property damages or loss incurred by the Client, the Sponsor/Parent/Guardian or any other third parties. An accounting of the expenses incurred by Trails in finding and returning the Client will be made to the Sponsor/Parent/Guardian/Client who agrees to accept full responsibility for any and all such costs and expenses, and to pay the same within seven (7) days of the Sponsor/Parent/Guardian/Client's receipt of said

8. **PERSONAL INJURY AND DAMAGE TO PROPERTY.** Sponsor/Parent/Guardian/Client agrees to accept full financial and legal responsibility for (1) the repair or replacement of any property damaged, defaced, or destroyed by the Client, whether owned, leased, or controlled by Trails or any third party, and (2) any personal injury to any Trails personnel, other clients or third parties caused, in whole or in part, by the Client; and to promptly reimburse Trails for any costs and expenses, including legal fees, it may incur in connection therewith, and to pay any of the above mentioned damages within seven (7) days of the Sponsor/Parent/Guardian/Client's receipt of said accounting. This section shall survive the termination of this Agreement.

9. **AUTHORIZATION FOR MEDICAL CARE AND RECORDS.** In the event of an accident, injury, illness, or other medical necessity, Sponsor/Parent/Guardian/Client hereby authorizes Trails to: (a) provide emergency first aid to the Client in the field and en route to any hospital or clinic, (b) arrange for any medical, dental, psychiatric, hospital, ambulance or other health-related care for the Client deemed necessary by Trails staff; and (c) authorize a physician, dentist or other healthcare professional(s) to perform any procedure(s) that the health-care professional(s) deems necessary for the well-being of the Client. All costs and expenses incurred for these services shall be the sole responsibility of the Sponsor/Parent/Guardian/Client. Sponsor/Parent/Guardian/Client also authorizes Trails to arrange for a physical examination (including a drug screen urine/blood test, at Trails' option) and any psychological assessments of the Client deemed necessary by Trails prior to the Client beginning the Program. Sponsor/Parent/Guardian/Client also authorizes any and all medical doctors, psychiatrists, psychologists, counselors, therapists, hospitals, clinics and treatment centers that have treated or counseled the Client, and whose names Sponsor/Parent/Guardian/Client shall provide to Trails, to release all information regarding the Client's medical and/or psychological history, diagnoses and treatments to Trails upon request. Trails shall handle all such protected health information (also "PHI") pursuant to the guidelines promulgated in the Health Insurance Portability & Accountability Act ("HIPAA") Act of 1996.
This section shall survive the termination of this Agreement.

10. **AUTHORIZATION FOR SEARCH AND SEIZURE.** Sponsor/Parent/Guardian/Client hereby authorizes Trails personnel to search the person and personal effects of the Client at any time. In connection with such search, Trails may, in its discretion, require Client to remove all of his or her clothing and may search Client's entire person, in which contraband may be hidden. Trails is further authorized to confiscate any and all items deemed by Trails to be contraband or counterproductive to the Client's successful completion of the Program. The disposition of all items confiscated by Trails shall be left to the sole discretion of Trails.

11. **AUTHORIZATION FOR RESTRAINT.** Sponsor/Parent/Guardian/Client hereby authorizes Trails personnel to physically restrain, control and detain the Client by the exercise of necessary restraints when deemed necessary by Trails, for the purpose of preventing the Client from jeopardizing the Client's own safety or the safety of others.

12. **RESEARCH AUTHORIZATION.** Sponsor/Parent/Guardian/Client hereby authorizes Trails to use data from the Client's records, tests, and assessments for purposes of ongoing research, provided that the Client's name and identity will be kept confidential and not used in any published materials. This section shall survive the termination of this Agreement.

13. **EARLY TERMINATION BY TRAILS/LIQUIDATED DAMAGES.** Trails reserves the right to terminate this Agreement at any time due to: (i) failure of Sponsor/Parent/Guardian/Client to pay any amounts due per Payment Agreement; (ii) illegal, uncontrollable, or dangerous behavior by the Client; (iii) discovery of any unprompted or previously unknown physical, medical, mental, or emotional problem(s) of the Client; or (iv) for any other reason if Trails deems it necessary for the protection of the Client, any other client(s) or the integrity of the Trails Program. In the event that Trails elects to terminate the Client pursuant to the terms of this paragraph, Sponsor/Parent/Guardian/Client understands and agrees that Sponsor/Parent/Guardian/Client forfeits all amounts paid to Trails. The forfeiture reflects the recognition that certain costs associated with enrolling the Client in the Program are incurred, whether or not the Program is completed, including such items as salaries, inventories, and other general operating expenses. Therefore, Sponsor/Parent/Guardian/Client understands and agrees that the policy of nonrefundable payments is a reasonable estimate of the losses (i.e., Liquidated Damages) the Program incurs with the early termination of Client.

14. **SPONSOR/PARENT/GUARDIAN EDUCATION PROGRAM AND COOPERATION.** Sponsor/Parent/Guardian agrees to attend the seminar for parents and guardians of the clients conducted by Trails during the Program, and to give Sponsor/Parent/Guardian's full cooperation to Trails personnel throughout the Program, in order to maximize the benefits of the Program for the Client and the Sponsor/Parent/Guardian. Sponsor/Parent/Guardian also agrees to read any educational materials and watch any video programs sent to Sponsor/Parent/Guardian by Trails, and to fill out and return to Trails any interactive educational materials, while the Client is in the Program.

15. **AUTHORIZATION OF PHOTOGRAPHS.** Sponsor/Parent/Guardian/Client agrees that photographs or other images may be taken of Client for Trails' confidential records and for the purpose of sending photographs to Sponsor/Parent/Guardian.

16. **HEALTH INSURANCE.** Sponsor/Parent/Guardian/Client warrants that the Client is presently covered and will for the duration of the Program be covered, by adequate health insurance covering claims that may arise in connection with any accident, injury or illness that the Client may suffer or incur during the Program. Whatever deductibles or coverage exclusions may apply in a given case shall be satisfied entirely by Sponsor/Parent/Guardian/Client.
17. **DELAYED PERFORMANCE.** Except for the obligation to make payments when due hereunder, all other obligations under this Agreement shall be suspended for so long as one or both Parties hereto are prevented from performing hereunder by acts of God/nature, the elements, acts of federal, state or local governments, agencies or courts, damage to or destruction or unavoidable shut-down of necessary facilities, or other matters beyond their reasonable control; provided, however, that any Party so prevented from complying with its obligations hereunder shall promptly notify the other Party thereof and shall exercise due diligence to remove and overcome the cause as soon as practicable.
18. **CONFIDENTIALITY.** The parties hereto agree that all terms of this Agreement shall remain confidential to the parties and that they will not disclose the terms of this Agreement to any third party through any medium, other than financial consultants, accountants or attorneys at any time including after expiration of this Agreement without the express written consent of the other Party hereto.
19. **DISPUTE RESOLUTION.** If any dispute arises between or among the parties hereto involving any matter arising from, covered by or involving any matter mentioned in this Agreement the dispute shall be resolved using the following procedures:

    Any party shall give the other(s) written notice describing the dispute and invoking this provision. Within 10 business days of written notice, the parties involved in the dispute shall meet in person or telephonically in good faith to discuss and attempt to resolve the dispute.

    In the event the meeting fails to resolve the dispute, any/either party to the dispute may request non-binding mediation, to be conducted and administered independently using AAA rules for expedited mediation. The parties shall bear their own costs of mediation; however, Trails Momentum shall pay the cost of the mediator. The parties shall agree to a mediator and shall attempt to complete mediation within 30 business days of its invocation.

    If mediation fails to result in resolution of the dispute, any disputing party may invoke binding arbitration, which shall be independently administered pursuant to the AAA expedited arbitration rules with one arbitrator if the parties can agree on one within 10 business days of the invocation of arbitration. Otherwise, the panel shall consist of 3 members, with Trails Momentum and Sponsor/Parent/Guardian/Client each appointing one arbitrator and the two arbitrators so appointed shall appoint a neutral third arbitrator. The parties shall be responsible for their own expenses and the expenses of the arbitrator they appoint and the expenses of the third arbitrator. The expenses of arbitration itself shall be shared equally. The decision of the panel shall be in writing and shall state the reasons for the decision, which decision shall be appealable only on the basis of the grounds provided for in the Federal Arbitration Act. The panel may award attorney fees if it deems warranted but shall have no power to award exemplary or punitive damages.

    North Carolina State law governing Trails Momentum shall apply to any matter decided between or among the parties hereto.

    Apart from any dispute governed by the above provisions, any testimony requested by Sponsor/Parent/Guardian/Client of any employee or former employee of Trails Momentum in any proceeding involving a dispute between or among Sponsor/Parent/Guardians or Client, and any confidential treatment documents requested in contested proceedings involving Sponsor/Parent/Guardians, shall be decided by the Trails Momentum in its sole reasonable discretion, based solely on what Trails Momentum reasonably feels to be in the best interest of the student. This section shall survive the termination of this Agreement.
20. **NON-DISPARAGEMENT.** Sponsor/Parent/Guardians and client agree they will not publicly criticize, ridicule, defame, or disparage Trails Momentum or its conduct, services, practices, policies, facilities, personnel, management, directors, officers, or otherwise communicate about Trails Momentum, its conduct, services, practices, policies, facilities, personnel, management, affiliates, directors, or officers in a disparaging or negative manner in any medium (including online or through social media) to any person or entity without limitation in time. Sponsor/Parent/Guardians and client further agree to not encourage family members, friends, agents or other third-parties from, and shall take any and all reasonable steps to prevent or persuade others with whom they have familial or social relationships from, any public criticism, ridicule, defamation, or disparagement of Trails Momentum, its conduct, practices, services, policies, facilities, personnel, management, affiliates, directors, or officers. The Parties to this Agreement agree and acknowledge that this non-

disparagement provision is a material term of this Agreement, the absence of which would have resulted in Trails Momentum declining to enter into this Agreement.

Sponsor/Parent/Guardians and client further agree and acknowledge that damages arising from breach of this provision may be difficult to identify and that the potential harms arising from such a breach are likely to be of an ongoing nature, cannot reasonably or adequately be compensated by damages in any action at law, and constitute irreparable injury or damage. Therefore, Sponsor/Parent/Guardians and client expressly agree and acknowledge that Trails Momentum shall be entitled to seek and obtain injunctive relief in the event of, or to prevent, any breach of this non-disparagement provision by Sponsor/Parent/Guardians/Client or third parties. In the event of a violation of this non-disparagement provision by Sponsor/Parent/Guardians/Client or third parties, Trails Momentum shall also have the right to monetary relief, and recovery of reasonable attorney's fees and costs incurred in seeking either monetary or injunctive relief, regardless of the number or instances of alleged breaches of this Agreement.

22. **ATTORNEY'S FEES.** In the event that either Party is found in default or material breach of any specific promise, term or condition expressly set forth in this Agreement by an arbitrator(s) or a court of competent jurisdiction, said Party shall be liable to pay all reasonable attorneys' fees, court costs and other related collection costs and expenses incurred by the other Party in enforcing its contractual rights hereunder in said arbitration and/or court proceeding(s). In addition, Sponsor/Parent/Guardian/Client agrees to compensate Trails for all reasonable attorneys' fees and costs incurred by Trails in connection with those matters concerning which Sponsor/Parent/Guardian/Client has agreed to pay or indemnify Trails herein. This section shall survive the termination of this Agreement.

23. **AMENDMENTS.** This agreement may be amended at any time upon mutual agreement of the Parties hereto, but any amendment(s) must first be reduced to writing and signed by both Parties in order to become effective.

24. **WAIVER.** A waiver by any Party of any provision hereof, whether in writing or by course of conduct or otherwise, shall be valid only in the instance for which it is given, and shall not be deemed a continuing waiver of said provision, nor shall it be construed as a waiver of any other provision hereof.

25. **PARAGRAPH HEADING.** The paragraph headings of this Agreement are inserted only for convenience and in no way define, limit or describe the scope or intent of this Agreement nor affect its terms and provisions.

26. **NOTICES.** Any and all notices, payments, reports and other correspondence required hereunder shall be deemed to have been properly given or delivered when made in writing and delivered personally to the Party to whom directed, or when sent by United States mail with all necessary postage or charges fully prepaid, and addressed to the Party to whom directed at its below specified address (or a new address after written notice of such change is given to the other Party).

    Trails Academy, LLC: 555 Sky Valley Road, Hendersonville NC 28739
    SPONSOR/PARENT/GUARDIAN'S NAME: ███████████████
    ADDRESS: ███████████████
    CITY, STATE, ZIP: ███████████████

27. **SEVERABILITY.** In the event that any provision of this Agreement, or any operation contemplated hereunder, is found by a court of competent jurisdiction to be inconsistent with or contrary to any law, ordinance, or regulation, the latter shall be deemed to control and the Agreement shall be regarded as modified accordingly and, in any event, the remainder of this Agreement shall continue in full force and effect. This section shall survive the termination of this Agreement.

28. **NUMBER.** As used in this Agreement, the term "Sponsor/Parent/Guardian" shall include all Sponsor/Parent/Guardians, being the parent(s) and/or guardian(s) executing this Agreement; and singular pronouns shall include the plural and plural pronouns shall include the singular, whenever the context so requires.

29. **ACKNOWLEDGEMENT/ENTIRE AGREEMENT.** Sponsor/Parent/Guardian/Client hereby acknowledges that Sponsor/Parent/Guardian/Client has read this Agreement and that Sponsor/Parent/Guardian/Client understands and consents to all of its provisions; that this Agreement, the Payment Agreement and the Related Authorizations and Consents constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof; and that all other prior agreements, promises, expectations and conditions, oral or written, between the Parties are incorporated herein. Other than the express commitments set forth in this Agreement, Trails gives no warranties of any kind, express or implied, to either the Sponsor/Parent/Guardian or the Client concerning the Program; and Sponsor/Parent/Guardian acknowledges that Sponsor/Parent/Guardian is not relying on any warranties or representations of any kind other than the express commitments of Trails set forth herein. This section shall survive the termination of this Agreement.

31. **BINDING EFFECT.** This Agreement may not be assigned by the Sponsor/Parent/Guardian/Client. Notwithstanding the foregoing, This section shall survive the termination of this Agreement.

*IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.*

_____ / 2/27/21  
_____ / 2/27/21    _____ / 3/1/21  
Parent/Sponsor/Guardian Signature   Date         Client Signature                        Date

_____ / _____ / _____  
Accepted by Trails Momentum Staff     Title                                   Date

©Trails Momentum; 2020
www.TrailsMomentum.com
7
Case 1:24-cv-00253-MOC-SCR   Document 36-1   Filed 04/21/25   Page 8 of 8