UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-cv-00253-MOR-SCR

| | |
|---|---|
| JOHN DOE M.D.Y., <br><br> Plaintiff, <br><br> v. <br><br> TRAILS ACADEMY, LLC, TRAILS CAROLINA, LLC, TRAILS MOMENTUM A/K/A TRAILS CAROLINA, WILDERNESS TRAINING & CONSULTING, LLC D/B/A FAMILY HELP & WELLNESS, WTC HOLDCO, LLC, WTCSL, LLC and UNNAMED ENTITIES 1-10, <br><br> Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR 12(b)(1) MOTION TO DISMISS OR OTHERWISE COMPEL ARBITRATION** |

Defendants Trails Academy, LLC; Trails Carolina, LLC; Trails Momentum a/k/a Trails Carolina; Wilderness Training & Consulting, LLC d/b/a/ Family Help & Wellness; WTC Holdco, LLC, and WTCSL, LLC, (hereinafter collectively "Defendants") submit this reply brief in support of their Motion to Dismiss or Otherwise Compel Arbitration.

### I. DEFENDANTS' MOTION IS APPROPRIATELY BROUGHT UNDER RULE 12(b)(1)

At the outset, it must be noted that the Enrollment Agreement at issue contains a choice of law provision, which designates North Carolina substantive law as governing any dispute between the parties. Plaintiff's opposition does not dispute the application of North Carolina substantive law to the case at hand but rather takes issue with the procedural decision of Defendants to bring the instant motion pursuant to Rule 12(b)(1). However, this Court has repeatedly held that dismissal pursuant to Rule 12(b)(1) is appropriate where the parties have agreed to arbitration as is the case here. *See Rowland v. Minnesota Life Ins. Co.*, No. 519CV00069KDBDCK, 2020 WL 534499, at *3 (W.D.N.C. Feb. 3, 2020), *aff'd sub nom. Rowland v. Sandy Morris Fin. & Est. Plan.*

*Servs., LLC,* 993 F.3d 253 (4th Cir. 2021)(Where all of the claims at issue in a lawsuit are arbitrable, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709–10 (4th Cir. 2001)(noting dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable). Therefore, Defendants' motion was properly made pursuant to Rule12(b)(1) and should be granted.

### II. PLAINTIFF'S CLAIMS MUST BE SUBMITTED TO ARBITRATION PURSUANT TO THE TERMS OF THE BINDING ENROLLMENT AGREEMENT.

*A. The arbitration provision in the Enrollment Agreement is valid and enforceable.*

The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a party seeks to invoke an arbitration clause the Court has discretion to stay or dismiss the civil action. *Colonial River Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc., No.* 3:22CV717 (RCY), 2023 WL 4708086, at *5 (E.D. Va. July 24, 2023). Section 3 of the FAA requires a court to stay proceedings pending arbitration should it find an issue referable to arbitration under the parties' contract. *Forshaw Indus., Inc. v. Insurco, Ltd.,* 2 F. Supp. 3d 772, 788 (W.D.N.C. 2014). "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 67, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010). Therefore, the FAA places arbitration agreements on equal footing with other contracts and requires courts to enforce them according to their terms. *Id.* Agreements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 710 (4th Cir. 2001).

A party can compel arbitration under the FAA if it establishes: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision purporting to cover the dispute and that is enforceable under general principles of contract law, (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of a party to arbitrate the dispute. *Am. Gen. Life & Acc. Ins. Co. v. Wood,* 429 F.3d 83, 87 (4th Cir. 2005). "Whether party agreed to arbitrate particular dispute is question of state law governing contract formation." *Brown v. Brown's Maryland Motors, Inc.,* 607 F. Supp. 3d 620 (D. Md. 2022).

Under North Carolina law, "[i]f a question arises concerning a party's assent to a written instrument, the court must first examine the written instrument to ascertain the intention of the parties." *Routh v. Snap-On Tools Corp.,* 108 N.C. App. 268, 273, 423 S.E.2d 791, 795 (1992). If the language of the contract is "clear and unambiguous," the court must interpret the contract as it is written. *Id.* If a contract contains an arbitration clause, a presumption of arbitrability exists, and doubts are resolved in favor of coverage. *Krueger v. Angelos,* 26 F.4th 212, 217 (4th Cir. 2022).

The arbitration provision in this case is clear and should be enforced. Plaintiff, with the assistance and input of his parents[1], chose to seek treatment at Momentum for his pre-existing mental health challenges and executed the Enrollment Agreement on or around March 2, 2021 (the "Agreement"). The Agreement expressly provides that "any matter arising from, covered by or involving any matter mentioned" in the Agreement is subject to arbitration. *See* **Exhibit A,** p. 5. Plaintiff's opposition attempts to distract from the plain reading of the Agreement in his brief through the use of intentionally inflammatory language and unfounded allegations of mistreatment

---

[1] Notably, Plaintiff's mother is an experienced mass torts litigator and since the inception of this lawsuit has joined plaintiff's attorney's law firm as a partner. The firm's website boasts that plaintiff's mother "has fiercely advocated for thousands of individuals in multiple mass torts cases." Plaintiff's parents have brought a companion lawsuit presently pending before the Court under Civil Action No. 1:24-cv-00254-MOR-SCR.

of an adult enrollee in a therapeutic program.

Plaintiff's opposition seems to suggest that Plaintiff's claims are foreclosed from recovery simply by being required to submit to arbitration pursuant to the terms of the Agreement. Defendants do not agree with this mischaracterization of arbitration as it is a well-recognized forum for resolution of a multitude of disputes. Furthermore, arbitration was specifically designated as the forum for resolution of any conflicts arising from the valid and enforceable Agreement between the parties.

Pursuant to the terms of the Agreement, the parties mediated this case on April 3, 2024. Plaintiff's contention that defendants participated in mediation in bad faith is a serious allegation which is completely false and inappropriate commentary in the pending motion before the Court.[2] Plaintiff now seeks to sidestep the next step of the Dispute Resolution of the Agreement, which requires submission of the case to arbitration. It is respectfully submitted that Plaintiff's efforts to avoid this clearly enforceable arbitration provision should be denied.

B.     *The arbitration provision can be enforced by the non-signatory Defendants.*

Plaintiff claims that "defendants are a web of related entities" while also alleging that the non-signatory defendants cannot enforce the arbitration provision in the Agreement between Plaintiff and Trails Academy, LLC. "A non-signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract." *Long v. Silver,* 248 F.3d 309, 320 (4th Cir. 2001). When the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even

---

[2] Contrary to plaintiff's counsel's representations, Defendants were the only parties acting in good faith at mediation. Plaintiff's counsel was unwilling to share critical information on Plaintiff's pre- and post-enrollment treatment with the defendants and that halted discussions at mediation.

though the parent is not formally a party to the arbitration agreement." *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.,* 863 F.2d 315, 320–21 (4th Cir. 1988). As the Fifth Circuit explained under similar circumstances, "If the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Sam Reisfeld & Son Import Company v. S.A. Eteco,* 530 F.2d 679, 681 (5th Cir.1976); see also *Klopfer v. Queens Gap Mountain, LLC,* 816 F. Supp. 2d 281, 294 (W.D.N.C. 2011)(holding that Plaintiffs were estopped from denying the rights of non-signatories to arbitration agreement where the non-signatories were the owners of the named signatory.). In this action, Plaintiff has chosen to name various subsidiaries and parent companies under the Wilderness Training and Consulting umbrella. As Plaintiff repeatedly emphasizes in both the Complaint and his opposition that the various named defendants are related entities and allegedly "acted together to cause harm to Plaintiff." Therefore, Defendants respectfully submit that the Court should allow submission of the claims against the related entities to arbitration under the terms of the Agreement.

     **III.    PLAINTIFF DOES NOT HAVE ANY DEFENSES WHICH INVALIDATE THE CONTRACT.**

    *A.    Defendants did not owe a fiduciary duty to Plaintiff at the time of execution of the Agreement.*

Despite claiming that Defendants owed a fiduciary duty to Plaintiff, his opposition is utterly devoid of any facts to support this contention. Plaintiff directs the Court to the following quoted language from Trails Momentum's website that "Our tranquil and beautiful location is the perfect location for students to learn healthier ways to cope with anxiety, depression and other mental health and behavioral issues…" and "traditional therapeutic approaches, such as individual,

group, and family therapy, with more experiential learning opportunities…" to provide "comprehensive mental and behavioral healthcare…"; however, Plaintiff's opposition fails to demonstrate how this language led to the establishment of a fiduciary duty nor does it support the contention that Trails Momentum offered specialized knowledge to treat Plaintiff. This claim is yet another effort on the part of Plaintiff to sidestep the valid and enforceable arbitration provision of the Agreement that both he and his parents reviewed before executing.

Plaintiff's reliance on *King* is misguided. In that case, an elderly patient signed a series of forms, one of which was a "poorly drafted, confusing, and nonsensical" arbitration agreement that failed to define what arbitration was. *King v. Bryant,* 369 N.C. 451, 453, 795 S.E.2d 340, 343 (2017). The plaintiff in *King* had no educational degree beyond high school and was unaware that he signed an agreement to arbitrate. *Id.* at 455. In this case, Plaintiff and his parents, one of whom is an attorney, had ample opportunity to review the enrollment agreement prior to executing it. Contrary to plaintiff's claims, the arbitration provision was not "buried" in with numerous other documents – it is plainly spelled out in Section 19 of the Agreement. Furthermore, being that one of plaintiff's parents is an attorney there was ample opportunity for Plaintiff to explore and understand the legal significance of the arbitration provision should he have wished to.

B. *Plaintiff was not under duress at the time that the Agreement was executed.*

Plaintiff's counsel characterization of Plaintiff as an individual under duress at the time the contract was signed utterly ignores the fact that Plaintiff was an adult at the time that he chose to seek treatment at Defendants' program. Further, Plaintiff's parents, one of whom is an attorney, were both also signatories to the contract. "Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive

him of the exercise of free will." *Hous., Inc. v. Weaver,* 37 N.C. App. 284, 294, 246 S.E.2d 219, 224 (1978), *aff'd,* 296 N.C. 581, 251 S.E.2d 457 (1979).

The fact that Plaintiff was allegedly "developmentally vulnerable" at the time he executed the agreement does not amount to the outrageous claims of duress on the part of defendants to gain his enrollment at their treatment facility. Defendants did not solicit Plaintiff; rather, Plaintiff and his parents sought out Defendants' program after other treatment programs were unsuccessful for Plaintiff. If Plaintiff and his parents did not wish to submit to the arbitration provision, they could have requested that it be removed from the Agreement or, alternatively, chosen not to enroll in the Trails Momentum program. Plaintiff did not avail himself of either option and cannot now be permitted to rewrite history to reflect that he had "no meaningful choice but to acquiesce to Defendants' terms."

C. *The Agreement is not unconscionable.*

"Agreeing to arbitration does not, by itself, prejudice plaintiff or prevent plaintiff from being heard in the appropriate forum." *Eddings v. S. Orthopaedic & Musculoskeletal Assocs., P.A.*, 167 N.C. App. 469, 477, 605 S.E.2d 680, 685 (2004). *See also Miller v. Two State Constr. Co., Inc.,* 118 N.C.App. 412, 455 S.E.2d 678, 681 (N.C.Ct.App.1995) ("An agreement to arbitrate a dispute is not an unenforceable contract requiring waiver of a jury; thus the trial court erred in concluding that [the arbitration agreement] was unconscionable...."). "To find unconscionability there must be an absence of meaningful choice on part of one of the parties together with contract terms which are unreasonably favorable to the other." *Martin v. Sheffer,* 102 N.C. App. 802, 805, 403 S.E.2d 555, 557 (1991). "A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment

of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner v. Little Red Sch. House, Ltd.,* 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981)(holding a contract that provided that tuition to a private school was non-refundable was not unconscionable where there was no inequality of bargaining power between the parties, clause providing that tuition payments would be nonrefundable was reasonable when considered in light of expense in preparing to educate child and reserving space for child and bargain was one that reasonable person of sound judgment might accept).

"To establish unconscionability, a party must demonstrate both procedural unconscionability and substantive unconscionability." *Westmoreland v. High Point Healthcare Inc.,* 218 N.C. App. 76, 80, 721 S.E.2d 712, 717 (2012). "[P]rocedural unconscionability involves 'bargaining naughtiness' in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power." *Tillman v. Com. Credit Loans, Inc.,* 362 N.C. 93, 103, 655 S.E.2d 362, 370 (2008). "Substantive unconscionability refers to harsh, one-sided, and oppressive contract terms." *Westmoreland* at 721 (internal citations omitted). Neither procedural nor substantive unconscionability exist in this case. The North Carolina Courts will only set aside contractual agreements based upon unconscionability in very rare cases. *Id.*

"A person signing a written instrument is under a duty to read it for his own protection, and ordinarily is charged with knowledge of its contents. Nor may he predicate an action for fraud on his ignorance of the legal effect of its terms." *Biesecker v. Biesecker,* 62 N.C. App. 282, 285, 302 S.E.2d 826, 828–29 (1983)(citing *Pierce v. Bierman*, 202 N.C. 275, 162 S.E. 566 (1932); *see also Setzer v. Insurance Co.,* 257 N.C. 396, 401, 126 S.E.2d 135, 139 (1962) ("[W]here no trick or device had prevented a person from reading the paper which he has signed or has accepted as

the contract prepared by the other party, his failure to read when he had the opportunity to do so will bar his right to reformation.").

As discussed *supra*, Plaintiff and his parents had ample opportunity to review and understand the terms of the Agreement. If Plaintiff believed that the arbitration provisions, among others, were unconscionable, he had the choice to simply seek enrollment elsewhere. Further, the contract was not an inequality of bargaining power between the parties. Defendants presented their standard enrollment terms to Plaintiff and his parents. Neither Plaintiff nor his parents questioned the terms of enrollment prior to execution.

    D.    *Defendants did not obtain the Agreement through fraud.*

Plaintiff has failed to establish that Defendants obtained the Agreement through fraud. "Fraud is generally defined as a knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment." *Mumena v. Decker,* No. 322CV00268RJCSCR, 2023 WL 5385433, at *2 (W.D.N.C. Aug. 22, 2023). Plaintiff and his parents sought out Defendants' program and chose to enroll after learning the program requirements. Plaintiff's allegations contain no details about any misrepresentations or concealments that would amount to fraud in the inducement to sign the contract. Based on the foregoing, it is respectfully submitted that Plaintiff does not have any valid defenses to the Agreement and this case should be compelled to arbitration.

## CONCLUSION

Plaintiff entered into a valid arbitration agreement by which all his claims in this dispute are subject to arbitration. Therefore, it is respectfully submitted that this Court should enter an order compelling Plaintiff to arbitration and dismissing Plaintiff's claims for lack of subject matter jurisdiction.

This the 5th day of May, 2025.

/s/Kristy M. D'Ambrosio
David L. Levy (NC State Bar No. 34060)
Kristy M. D'Ambrosio (NC State Bar No. 52817)
Gardner Skelton, PLLC
3746 N. Davidson Street
Charlotte, North Carolina 28205
Telephone: (704) 335-0350
Fax: (704) 936-0294
Email: dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

## USE OF ARTIFICAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources of Westlaw and Lexis, Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my discretion as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 5th day of May, 2025.

**/s/Kristy M. D'Ambrosio**
**David L. Levy (NC State Bar No. 34060)**
**Kristy M. D'Ambrosio (NC State Bar No. 52817)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR 12(b)(1) MOTION TO DISMISS OR OTHERWISE COMPEL ARBITRATION** has on this date been served upon counsel in this matter via this Court's CM/ECF system.

**This the 5th day of May, 2025.**

**/s/Kristy M. D'Ambrosio**
**David L. Levy (NC State Bar No. 34060)**
**Kristy M. D'Ambrosio (NC State Bar No. 52817)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
*Attorneys for Defendants Trails Academy, LLC, Trails Carolina, LLC, Trails Momentum a/k/a Trails Carolina, Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness, WTC Holdco, LLC and WTCSL, LLC*